**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  __5/12/21__

| | |
|---|---|
| JOSEPH PUDDU, MARK GHITIS, VALERY BURLAK, and ADAM BUTTER,<br><br>    Plaintiffs,<br><br>       v.<br><br>6D GLOBAL TECHNOLOGIES, INC., NYGG (ASIA), LTD., BENJAMIN TIANBING WEI A/K/A BENJAMIN WEY, TEJUNE KANG, MARK SZYNKOWSKI, TERRY MCEWEN, AND NYG CAPITAL LLC D/B/A NEW YORK GLOBAL GROUP,<br><br>    Defendants. | Case No: 15-cv-8061-AJN |

**[PROPOSED] ORDER AND PARTIAL FINAL JUDGMENT**

On the  23rd  day of ~~February~~, ~~2020~~ a hearing having been held before this Court to

determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement

dated October 7, 2019 (the "Settlement Stipulation") are fair, reasonable and adequate for the

settlement of all claims asserted by the Settlement Class against the Settling Defendants (as

defined in the Settlement Stipulation), including the release of the Released Claims against the

Released Parties, and should be approved; (2) whether judgment should be entered dismissing

the Settling Defendants with prejudice; (3) whether to approve the proposed Plan of Allocation

as a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class

Members; (4) whether and in what amount to award Lead Counsel as fees and reimbursement

of expenses; and (5) whether and in what amount to award Plaintiffs as incentive fees; and

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing in the record that the Summary Notice substantially in the form approved by

the Court in the Court's Order Granting Plaintiffs' Motion for Preliminary Approval of Class

Action Settlement, dated ~~_____ ____, 2019~~ October 1, 2020 ("Preliminary Approval Order") was published; the

Postcard Notice was mailed to all reasonably identifiable Settlement Class Members; and the

Notice was emailed to all reasonably identifiably Settlement Class Members and posted to the

website of the Claims Administrator; all in accordance with the Preliminary Approval Order and

the specifications of the Court; and

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND

DECREED THAT:

1.      This Order and Partial Final Judgment incorporates by reference the definitions

in the Settlement Stipulation, and all capitalized terms used herein shall have the same

meanings as set forth therein.

2.    The Court has jurisdiction over the subject matter of the Action, Plaintiffs, all Settlement Class Members, and Settling Defendants.

3.    The Court finds that, for settlement purposes only, the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:

(a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable;

(b) there are questions of law and fact common to the Settlement Class;

(c) the claims of Plaintiffs are typical of the claims of the Settlement Class they seek to represent;

(d) Plaintiffs and Lead Counsel fairly and adequately represent the interests of the Settlement Class;

(e) questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and

(f) a class action is superior to other available methods for the fair and efficient adjudication of this Action, considering:

i.    the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions;

ii.    the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members;

iii.    the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and

iv.     the difficulties likely to be encountered in the management of the class

action.

The Settlement Class is being certified for settlement purposes only.

4.     The Court hereby finally certifies this action as a class action for purposes of the

Settlement, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of

all Persons (including, without limitation, their beneficiaries) all persons and entities, other than

Defendants and their affiliates, who purchased publicly traded 6D Global Technologies, Inc. f/k/a

CleanTech Innovations, Inc. ("6D Global" or the "Company") securities from June 16, 2014

through September 10, 2015, both dates inclusive. Excluded from the Settlement Class are (i)

Defendants; (ii) current and former officers and directors of 6D Global and any other Released

Party; (iii)  the persons expressly excluded from  the definition of Released  Parties in  paragraph

1.28 of the Settlement Stipulation (a) through (d); (iv) the respective spouses, children, or parents

of any person or entity excluded under subparagraphs, (i) through (iii) of this paragraph; (v) any

person or entity more than 5% owned or directly or indirectly controlled by any person or entity

excluded under subparagraphs (i) through (iv) of this paragraph or any trust of which such a person

is a beneficiary or of which any person or entity is related or affiliated to a beneficiary or a trustee;

(vi) the respective heirs, successors, trustees and assigns of any person excluded under paragraphs

(i) through (v); and (vii) those persons who file valid and timely requests for exclusion in

accordance with the Court's Preliminary Approval Order.

5.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for the purposes of

this Settlement only, Plaintiffs are certified as the class representatives on behalf of the Settlement

Class ("Class Representatives") and Lead Counsel previously selected by Plaintiffs and appointed

by the Court is hereby appointed as Class Counsel for the Settlement Class ("Class Counsel").

6.      In accordance with the Court's Preliminary Approval Order, the Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons and entities entitled to such notice. No Settlement Class Member is relieved from the terms and conditions of the Settlement, including the releases provided for in the Settlement Stipulation, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Thus, it is hereby determined that all Settlement Class Members are bound by this Order and Final Judgment.

7.      The Settlement is approved as fair, reasonable and adequate under Rule 23 of the Federal Rules of Civil Procedure, and in the best interests of the Settlement Class. This Court further finds that the Settlement set forth in the Settlement Stipulation is the result of good faith, arm's-length negotiations between experienced counsel representing the interests of Class Representative, Settlement Class Members, and Settling Defendants. The Settling Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Settlement Stipulation.

8.      The Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as against the Settling Defendants and the Released Parties. The Settling Parties are to bear their own costs, except as otherwise provided in the Settlement Stipulation.

9.      Subject to the caveat that nothing in the following subparagraphs of this Order or in the final settlement agreement shall be deemed or construed to bar, alter, amend, release, or waive any indemnification rights that any current or former officer, director, or employee of 6D Global or any Defendant has against 6D Global under the Certificate of Incorporation of 6D Global, or the bylaws of 6D Global, subject to applicable provisions of Delaware statutory or common law governing such indemnification, nor to alter, amend, release, or waive any defenses to such claims for indemnification that 6D Global has, and that nothing in the following subparagraphs or in the Stipulation of Settlement shall constitute a general release by 6D Global of any other claims that may exist or arise between 6D Global and any current or former officer, director, or employee of 6D Global or any Defendant, all such rights being preserved, the Court orders:

(a)      In accordance with 15 U.S.C. § 78u-4(f)(7)(A), any and all claims for contribution arising out of any claim released by Plaintiffs and the Settlement Class (hereafter "Released Claim"): (i) by any person against any of the Releasees and (ii) by any of the Releasees against any person other than as set out in 15 U.S.C. § 78u-4(f)(7)(A)(ii) are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable. Accordingly, without limitation to any of the above, (A) any person is hereby permanently enjoined from commencing, prosecuting, or asserting against any of the Releasees any such claim for contribution, and (B) the Releasees are hereby

5

permanently enjoined from commencing, prosecuting, or asserting against any person any such claim for contribution. In accordance with U.S.C. § 78u-4(f)(7)(B), any final verdict or judgment that might be obtained by or on behalf of the Plaintiffs or a member of the Settlement Class against any person for loss for which such person and any Releasees are found to be jointly liable shall be reduced by the greater of (i) an amount that corresponds to the total amount of the Settling Defendants' percentage of responsibility for the loss to the Plaintiffs or Settlement Class or (ii) the Settlement Consideration.

(b)     Any and all persons are permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim against any Releasee arising under any federal, state, or foreign statutory or common-law rule, however styled, whether for indemnification or contribution or otherwise denominated, including claims for breach of contract or for misrepresentation, where the claim is or arises from a Released Claim and the alleged injury to such person arises from that person's alleged liability to the Settlement Class or any Settlement Class member, including any claim in which a person seeks to recover from any of the Releasees any amounts such person has or might become liable to pay to the Settlement Class or any Settlement Class member (hereafter the "Complete Bar Order").  All such claims are hereby extinguished, discharged, satisfied, and unenforceable, subject to a hearing to be held by the Court, if necessary. The provisions of the Complete Bar Order are intended to preclude any liability of any of the Releasees to any person for indemnification, contribution, or otherwise on any claim that is or arises from a Released Claim and where the alleged injury to such person arises from that person's alleged liability to the Settlement Class or any Settlement Class member; provided however, that if the Settlement Class or any Settlement Class member obtains any judgment against any such

6

person based upon, arising out of, or relating to any Released Claim for which such person and any of the Releasees are found to be jointly liable, that person shall be entitled to a judgment credit equal to an amount that is the greater of (i) an amount that corresponds to such Releasee's or Releasees' percentage of responsibility for the loss to the Class or Class Member or (ii) the Settlement Consideration.

(c)      Each and every Releasee is permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim against any other person (including any other Releasee) arising under any federal, state, or foreign statutory or common-law rule, however styled, whether for indemnification or contribution or otherwise denominated, including claims for breach of contract and for misrepresentation, where the claim is or arises from a Released Claim and the alleged injury to such Releasee arises from that Releasee's alleged liability to the Settlement Class or any Settlement Class member, including any claim in which any Releasee seeks to recover from any person (including another Releasee) (i) any amounts any such Releasee has or might become liable to pay to the Settlement Class or any Settlement Class member and/or (ii) any costs, expenses, or attorneys' fees from defending any claim by the Settlement Class or any Settlement Class member. All such claims are hereby extinguished, discharged, satisfied and unenforceable.

(d)      If any term of the Complete Bar Order entered by the Court is held to be unenforceable after the date of entry, such provision shall be substituted with such other provision as may be necessary to afford all of the Releasees the fullest protection permitted by law from any claim that is based upon, arises out of, or relates to any Released Claim.

(e)      Notwithstanding the Complete Bar Order or anything else in the

7

Stipulation of Settlement, nothing shall release, interfere with, limit, or bar the assertion by any Releasee of any claim for or defense to the availability of insurance coverage under any insurance, reinsurance or indemnity policy that provides coverage respecting the conduct at issue in this Action, except as limited by the insurance agreement.

(f)     For the avoidance of any doubt, nothing in this Order shall constitute a release or bar of any claims, including for contribution or indemnity, that any Defendant may have against 6D Global under the Certificate of Incorporation of 6D Global, the bylaws of 6D Global or the statutory or common law of the applicable jurisdiction that provides for indemnification of corporate officers or directors (not contribution or indemnity for proportionate fault), subject to applicable provisions of statutory or common law governing such indemnification rights.

10.    The Releasing Parties, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, regardless of whether any such Releasing Party ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim and Release Form, any disbursement from the Settlement Fund, shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties. The Releasing Parties shall be deemed to have, and by operation of this Order and Partial Final Judgment shall have, covenanted not to sue the Released Parties with respect to any and all Released Claims in any forum and in any capacity. The Releasing Parties shall be and hereby are permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any

action or other proceeding, in any forum, asserting any Released Claim, in any capacity, against any of the Released Parties, including Defendants' Counsel. Nothing contained herein shall, however, bar the Releasing Parties from bringing any action or claim to enforce the terms of the Settlement Stipulation or this Order and Final Judgment.

11.     Settling Defendants, on behalf of themselves and their Related Parties, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Class Representatives, Settlement Class Members, Class Counsel, and their Related Parties from all Claims, whether known or unknown, which arise out of, concern or relate to the institution, prosecution, settlement or dismissal of the Action (the "Defendants' Released Claims"), and shall be permanently enjoined from prosecuting the Defendants' Released Claims against Class Representatives, Settlement Class Members, Class Counsel, and their Related Parties. Nothing contained herein shall, however, bar the Settling Defendants or their Related Parties from bringing any action or claim to enforce the terms of the Settlement Stipulation or this Order and Final Judgment.

12.     The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Class Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Settlement Stipulation.

13.     The Court finds that the Settling Parties and their counsel have complied with all requirements of Rule 11 of the Federal Rules of Civil Procedure and the Private Securities Litigation Record Act of 1995 as to all proceedings herein.

14.     Neither this Order and Final Judgment, the Settlement Stipulation (nor the Settlement contained therein), nor any of its terms and provisions, nor any of the negotiations,

documents or proceedings connected with them:

(a)      is or may be deemed to be, or may be used as an admission, concession, or evidence of, the validity or invalidity of any Released Claims, the truth or falsity of any fact alleged by Class Representatives, the sufficiency or deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing, liability, negligence or fault of Settling Defendants, the Released Parties, or each or any of them;

(b)      is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by Settling Defendants or Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal;

(c)      is or may be deemed to be or shall be used, offered or received against the Settling Parties, Settling Defendants or the Released Parties, or each or any of them, as an admission, concession or evidence of the validity or invalidity of the Released Claims, the infirmity or strength of any claim raised in the Action, the truth or falsity of any fact alleged by the Class Representatives or the Settlement Class, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

(d)      is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against Settling Defendants, or the Released Parties, or each or any of them, that any of Class Representatives' claims or Settlement Class Members' claims are with or without merit, that a litigation class should or should not be certified, that damages recoverable in the Action would have been greater or less than the Settlement Fund or that the consideration to be given pursuant to the Settlement

Stipulation represents an amount equal to, less than or greater than the amount which could have or would have been recovered after trial.

15.     The Released Parties may file the Settlement Stipulation and/or this Order and Final Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Settling Parties may file the Settlement Stipulation and/or this Order and Final Judgment in any proceedings that may be necessary to consummate or enforce the Settlement Stipulation, the Settlement, or this Order and Final Judgment.

16.     Except as otherwise provided herein or in the Settlement Stipulation, all funds held by the Escrow Agent shall be deemed to be in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed or returned pursuant to the Settlement Stipulation and/or further order of the Court.

17.     Without affecting the finality of this Order and Partial Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over the Settling Parties and the Settlement Class Members for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Settlement Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Settlement Class Members.

18.     Without further order of the Court, Settling Defendants, and Class Representatives may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Stipulation.

19.     There is no just reason for delay in the entry of this Order and Partial Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

20.     The finality of this Order and Partial Final Judgment shall not be affected, in any manner, by rulings that the Court may make on Class Counsel's application for an award of attorneys' fees and expenses to Class Counsel or awards to Class Representatives.

21.     If the Settlement is not consummated in accordance with the terms of the Settlement Stipulation, then the Settlement Stipulation and this Order and Partial Final Judgment (including any amendment(s) thereof, and except as expressly provided in the Settlement Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Settling Parties or the Released Parties, and each Settling Party shall be restored to his, her or its respective litigation positions as they existed prior to October 7, 2019, pursuant to the terms of the Settlement Stipulation.

Dated: _May 12_ , 2021

_____
HON. ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE