EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH PUDDU, MARK GHITIS, VALERY BURLAK, and ADAM BUTTER,<br><br>Plaintiffs,<br><br>v.<br><br>6D GLOBAL TECHNOLOGIES, INC., NYGG (ASIA), LTD., BENJAMIN TIANBING WEI A/K/A BENJAMIN WEY, TEJUNE KANG, MARK SZYNKOWSKI, TERRY MCEWEN, AND NYG CAPITAL LLC D/B/A NEW YORK GLOBAL GROUP,<br><br>Defendants. | Case No: 15-cv-8061-DLC |

[PROPOSED] ORDER AND FINAL JUDGMENT

On the **6** day of **October**, 2023 a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated February 3, 2023 (the "Settlement Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Settlement Class against the Settling Defendant (as defined in the Settlement Stipulation), including the release of the Released Claims against the Released Parties, and should be approved; (2) whether judgment should be entered dismissing the case with prejudice; (3) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members; (4) whether and in what amount to award Lead Counsel as fees and reimbursement of expenses; and (5) whether and in what amount to award Plaintiffs as incentive fees; and

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing in the record that the Summary Notice substantially in the form approved by the Court in the Court's Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, dated **April 3**, 2023 ("Preliminary Approval Order") was published; the Long Notice was emailed to Settlement Class Members for whom the Claims Administrator was able to obtain email addresses or, if no electronic mail address could be obtained, the Postcard Notice was mailed to those Settlement Class Members who submitted claims in the Partial Settlement, through the Claims Administrator; all in accordance with the Preliminary Approval Order and the specifications of the Court; and

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1

1. This Order and Final Judgment incorporates by reference the definitions in the Settlement Stipulation, and all capitalized terms used herein shall have the same meanings as set forth therein.

2. The Court has jurisdiction over the subject matter of the Action, Plaintiffs, all Settlement Class Members, and the Settling Defendant.

3. In accordance with the Court's Preliminary Approval Order, the Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons and entities entitled to such notice. No Settlement Class Member is relieved from the terms and conditions of the Settlement, including the releases provided for in the Settlement Stipulation, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Thus, it is hereby determined that all Settlement Class Members are bound by this Order and Final Judgment except those persons listed on Exhibit A to this Order and Final Judgment.

4. The Settlement is approved as fair, reasonable, and adequate under Rule 23 of the Federal Rules of Civil Procedure, and in the best interests of the Settlement Class. This Court further finds that the Settlement set forth in the Settlement Stipulation is the result of good faith,

arm's-length negotiations between experienced counsel representing the interests of Class Representatives, Settlement Class Members, and the Settling Defendant. The Settling Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Settlement Stipulation.

5.  The Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice. The Settling Parties are to bear their own costs, except as otherwise provided in the Settlement Stipulation.

6.  The Releasing Parties, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, regardless of whether any such Releasing Party ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim and Release Form, any disbursement from the Settlement Fund, shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties. The Releasing Parties shall be deemed to have, and by operation of this Order and Partial Final Judgment shall have, covenanted not to sue the Released Parties with respect to any and all Released Claims in any forum and in any capacity. The Releasing Parties shall be and hereby are permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Claim, in any capacity, against any of the Released Parties, including Defendants' Counsel. Nothing contained herein shall, however, bar the Releasing Parties from bringing any action or claim to enforce the terms of the Settlement Stipulation or this Order and Final Judgment.

7. The Settling Defendant, on behalf of himself and his Related Parties, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Class Representatives, Settlement Class Members, Class Counsel, and their Related Parties from all Claims, whether known or unknown, which arise out of, concern or relate to the institution, prosecution, settlement or dismissal of the Action (the "Settling Defendant's Released Claims"), and shall be permanently enjoined from prosecuting the Settling Defendant's Released Claims against Class Representatives, Settlement Class Members, Class Counsel, and their Related Parties. Nothing contained herein shall, however, bar the Settling Defendant or his Related Parties from bringing any action or claim to enforce the terms of the Settlement Stipulation or this Order and Final Judgment.

8. The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Class Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Settlement Stipulation.

9. The Court finds that the Settling Parties and their counsel have complied with all requirements of Rule 11 of the Federal Rules of Civil Procedure and the Private Securities Litigation Record Act of 1995 as to all proceedings herein.

10. Neither this Order and Final Judgment, the Settlement Stipulation (nor the Settlement contained therein), nor any of its terms and provisions, nor any of the negotiations, documents or proceedings connected with them:

(a) is or may be deemed to be, or may be used as an admission, concession, or evidence of, the validity or invalidity of any Released Claims, the truth or falsity of any fact alleged by Class Representatives, the sufficiency or deficiency of any defense that has

been or could have been asserted in the Action, or of any wrongdoing, liability, negligence or fault of Settling Defendants, the Released Parties, or each or any of them;

(b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by the Settling Defendant or Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal;

(c) is or may be deemed to be or shall be used, offered or received against the Settling Parties, Settling Defendant or the Released Parties, or each or any of them, as an admission, concession or evidence of the validity or invalidity of the Released Claims, the infirmity or strength of any claim raised in the Action, the truth or falsity of any fact alleged by the Class Representatives or the Settlement Class, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

(d) is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against the Settling Defendant, or the Released Parties, or each or any of them, that any of Class Representatives' claims or Settlement Class Members' claims are with or without merit, that damages recoverable in the Action would have been greater or less than the Settlement Fund or that the consideration to be given pursuant to the Settlement Stipulation represents an amount equal to, less than or greater than the amount which could have or would have been recovered after trial.

11. The Released Parties may file the Settlement Stipulation and/or this Order and Final Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release,

good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Settling Parties may file the Settlement Stipulation and/or this Order and Final Judgment in any proceedings that may be necessary to consummate or enforce the Settlement Stipulation, the Settlement, or this Order and Final Judgment.

12. Except as otherwise provided herein or in the Settlement Stipulation, all funds held by the Escrow Agent shall be deemed to be in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed or returned pursuant to the Settlement Stipulation and/or further order of the Court.

13. Without affecting the finality of this Order and Partial Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over the Settling Parties and the Settlement Class Members for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Settlement Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Settlement Class Members.

14. Without further order of the Court, the Settling Defendant, and Class Representatives may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Stipulation.

15. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

16. The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make on Class Counsel's application for an award of attorneys' fees and expenses to Class Counsel or awards to Class Representatives.

17. If the Settlement is not consummated in accordance with the terms of the Settlement Stipulation, then the Settlement Stipulation and this Order and Final Judgment (including any amendment(s) thereof, and except as expressly provided in the Settlement Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Settling Parties or the Released Parties, and each Settling Party shall be restored to his, her or its respective litigation positions as they existed prior to October 18, 2022, pursuant to the terms of the Settlement Stipulation.

Dated: November 1, 2023

_____
HON. DENISE L. COTE
UNITED STATES DISTRICT JUDGE

7