**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSEPH PUDDU, MARK GHITIS, VALERY BURLAK and ADAM BUTTER,<br><br>Plaintiffs,<br><br>vs.<br><br>6D GLOBAL TECHNOLOGIES, INC., NYGG (ASIA), LTD., BENJAMIN TIANBING WEI a/k/a BENJAMIN WEY, TEJUNE KANG; MARK SZYNKOWSKI, TERRY MCEWEN and NYG CAPITAL LLC d/b/a NEW YORK GLOBAL GROUP,<br><br>Defendants. | Case No.: 15-cv-8061-DLC |

### [PROPOSED] ORDER GRANTING DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS

Having considered all materials and arguments submitted in support of Plaintiffs' Motion for Distribution of Class Action Settlement Funds (the "Motion"), including the Memorandum of Law in Support of the Motion and the Declaration of Josephine Bravata Concerning the Results of the Claims Administration Process (the "Bravata Declaration"),

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. Unless otherwise defined, this order incorporates by reference the definitions in the Stipulation and Agreement of Settlement filed with the Court on February 3, 2023 (the "Stipulation") (Dkt No. 386). All terms not otherwise defined shall have the same meaning as set forth in the Stipulation or the Bravata Declaration.

3.      The administrative determinations of the Claims Administrator to accept properly-documented, valid claims, as set forth in the Bravata Declaration and Exhibits B-1 and B-2 thereto, are approved. The administrative determinations of the Claims Administrator to reject inadequately-documented and ineligible claims, set forth in Exhibits D and E of the Bravata Declaration, respectively, are approved.

4.      Any person submitting claims received after June 27, 2024, and any responses to rejected or deficient claims received after September 27, 2024, the last day of the claims administration process, are finally and forever barred from asserting such claims.

5.      The distribution plan for the Net Settlement Fund as set forth in the Bravata Declaration and accompanying exhibits is approved. The funds that are currently in the Net Settlement Fund (less any necessary amounts to be withheld for payment of potential tax liabilities and related fees and expenses) shall be distributed on a *pro rata* basis to the Authorized Claimants, identified in Exhibits B-1 and B-2 to the Bravata Declaration, pursuant to the Stipulation and the Plan of Allocation of the Net Settlement Fund.

6.      The checks for distribution to Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Lead Counsel and the Claims Administrator are authorized to locate and/or contact any Authorized Claimant who has not cashed his, her, or its check within said time. Authorized Claimants who fail to negotiate a distribution check within the time allotted or consistent with the terms outlined in the Bravata Declaration will irrevocably forfeit all recovery from the Settlement.

7.      If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund

cash their distribution checks, any balance remaining in the account six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants and who would receive at least a $10.00 payment; (ii) second, to pay any additional Settlement Administration Costs incurred in administering the Settlement; and (iii) third, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.

8. If a balance still remains in the Net Settlement Fund after these three uses, then the balance shall be donated, half of the balance to each, to the following two 501(c)(3), non-profit charitable organizations serving the public interest: The American Red Cross; and the Howard University Investor Justice & Education Clinic.

9. The Court finds that the administration of the Settlement and proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund or the released persons beyond the amount allocated to them pursuant to this Order.

10. The Claims Administrator is hereby ordered to discard (a) paper or hard copies of claims and all supporting documents no less than two years after the second distribution, if that occurs or, if there is no second distribution, one year after all distributions of the Net Settlement Fund to the eligible claimants; and (b) electronic copies of the same no less than one year after all distributions of the Net Settlement Fund have been made to the eligible claimants.

11. This Court retains jurisdiction over any further application or matter which may arise in connection with this Action.

Dated: October 11, 2024

*[signature]*
The Honorable Denise L. Cote
United States District Judge